# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOEL PRICE,**

       **Plaintiff,**

**v.**                                                            Case No:   6:18-cv-429-Orl-31GJK

**CELEBRATION GOLF COMPANY, LLC,**

       **Defendant.**

## ORDER

This Matter comes before the Court without a hearing on the Defendant's Motion to Dismiss (Doc. 8) and the Plaintiff's Response in Opposition (Doc. 17).

### I. Factual and Procedural Background

The Complaint states that the Plaintiff, who is visually impaired, "is interested in playing golf (such as offered at Celebration Golf Club through reserving a tee time) and purchasing food and merchandise while at Celebration Golf Club." Doc. 1 ¶ 28. The Plaintiff called Celebration Golf in order to find out about times, costs, and amenities—information that is otherwise available on the website—but he claims that the "Defendant's representative failed to fully assist Plaintiff and referred him to its Website." Doc. 1 ¶ 29. The Plaintiff allegedly attempted to visit the website, utilizing his screen reader software, but "he encountered a Website that was not designed with accessibility (for the disabled) in mind." Doc. 1 ¶ 31-32. This, the Plaintiff claims, "destroyed" his "expectation of golfing at Defendant's golf course." Doc. 1 ¶ 36.

On March 21, 2018, the Plaintiff filed his Complaint, seeking injunctive relief, attorney's fees, and costs under Title III of the Americans with Disabilities Act. Doc. 1. The Defendant filed

the Motion to Dismiss on April 20, 2018. Doc. 8. On May 21, 2018, the Plaintiff filed a Response in Opposition. Doc. 17. Additionally, the Defendant filed a Notice of Supplemental Authority on May 30, 2018. Doc. 18.

## II. Legal Standards

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

### B. Americans with Disabilities Act

Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities," provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public

accommodation." 42 U.S.C. § 12182(a). Any person subjected to discrimination on the basis of disability in violation of Title III may bring a private action. 42 U.S.C. § 12188(a). To prevail on a Title III ADA claim, a plaintiff generally has the burden of proving (1) that he or she is an individual with a disability; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied him or her full and equal enjoyment of goods, services, facilities or privileges offered by the defendant (4) on the basis of his or her disability. *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). The only relief available to plaintiffs suing under Title III of the ADA is injunctive relief. *Houston v. Marod Supermarkets*, *Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

**C. Standing**

To have standing under Article III of the Constitution, a plaintiff must satisfy three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Allegations of future injury can establish standing if the threat of injury is "certainly impending" or if there exists a "'substantial risk' that harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). Second, there must be a causal connection between the injury and the conduct complained of; that is, the injury must be fairly traceable to the challenged action of the defendant rather than the result of independent action of a third party. *Lujan,* 504 U.S. at 560. And it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. The party invoking the jurisdiction of the federal courts has the burden of establishing each element. *Id*.

### III. Analysis

The Defendant argues that the Plaintiff has not established that he suffered an injury in fact. The Plaintiff claims that the inaccessible website left him unable to effectively communicate with the Defendant, and that the resulting uncertainty resulted in "his being excluded from the Celebration Golf Club offered services." Doc. 17 at 3.

The Plaintiff alleges that the inaccessibility of the Defendant's website creates a "virtual barrier" to usage of the Defendant's golf club. However, the Plaintiff's description of how the website creates such a barrier is vague. The Plaintiff has not alleged a specific intention to actually visit and use the facilities at Celebration Golf; instead, he has merely expressed an interest in possibly visiting one day. The Plaintiff has not explained how the telephone operator at Celebration Golf failed to fully assist him, nor has he stated what information he was unable to obtain over the phone or how the lack of that particular information would impede his ability to visit Celebration Golf. The Plaintiff only claims that there is a hypothetical threat of future injury. Accordingly, the Plaintiff has failed to properly allege that he has suffered an injury in fact, and any potential injury is too speculative to establish standing.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. The Complaint is **DISMISSED** without prejudice. If the Plaintiff wishes to file an amended complaint, he must do so within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 20, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party